IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERTO GONZALEZ, JR., | : | CIVIL ACTION |
| | : | NO. 20-789 |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| THE DISTRICT ATTORNEY | : | |
| OF BERKS COUNTY | : | |
| | : | |
| Respondent. | : | |

**O R D E R**

**AND NOW**, this **11th** day of **March, 2021**, upon consideration of the pro se 28 U.S.C. § 2254 petition for writ of habeas corpus filed by Petitioner Roberto Gonzalez, Jr. (ECF No. 1), the response and Petitioner's traverse thereto (ECF Nos. 8 & 13), the available state record, the Report and Recommendation of United States Magistrate Judge Linda K. Caracappa (ECF No. 14) and Petitioner's objections thereto (ECF No. 15), it is hereby **ORDERED** that:

1. The Report and Recommendation is **APPROVED** and **ADOPTED**;

2. Petitioner's objections are **OVERRULED**;

3. The petition for a writ of habeas corpus is **DENIED AND DISMISSED with prejudice**;[1]

---

[1] Judge Caracappa has adequately relayed the relevant facts, history, and law applicable in this case in her August 31, 2020 Report and Recommendation ("R&R"). There is no need for the Court to duplicate that information in full.

While Petitioner was a juvenile, he was convicted in

July 1990 of, inter alia, murder and criminal mischief. In October 1990, Petitioner was sentenced to a mandatory life sentence for first degree murder pursuant to 18 Pa.C.S. § 1102(a) followed by one to two years incarceration for criminal mischief. The charges had originally been brought in juvenile court. However, after the death of Petitioner's victim in October 1989, the juvenile petition was withdrawn and a complaint was filed in criminal court where Petitioner was ultimately tried, convicted, and sentenced as an adult.

In Miller v. Alabama, 567 U.S. 460 (2012), the Supreme Court found that mandatory life sentences for juveniles convicted of murder were unconstitutional (thus rendering Section 1102 unconstitutional as applied to juveniles). Thereafter, and to conform to Miller, the Pennsylvania legislature enacted 18 Pa.C.S. § 1102.1(a). In relevant part, Section 1102.1(a) provides that a juvenile fifteen years or older convicted of first degree murder may be sentenced to thirty-five years to life.

In Montgomery v. Louisiana, 136 S. Ct. 718 (2016), the Court found Miller applied retroactively. However, the legislature did not make Section 1102.1 retroactive. Thus, Section 1102.1 does not apply to Petitioner and, at the same time, neither does Section 1102 due to Miller. Instead, in the absence of applicable legislation and in order to fill this gap in the sentencing scheme, the Pennsylvania Supreme Court held that for those juveniles sentenced to life without parole for murder pre-Miller, and who required resentencing because of Miller, the court should rely on Section 1102.1 as guidance in setting any minimum sentence. Commonwealth v. Batts, 163 A.3d 410, 457–58 (Pa. 2017). In 2018, pursuant to Miller and Batts, Petitioner was resentenced to thirty-four years to life for first degree murder, consecutive to the one to two year sentence for criminal mischief.

Petitioner claims in his petition that his new sentence violates due process and the Equal Protection Clause and is cruel and unusual punishment for many reasons including that: (1) his new sentence was unconstitutionally created by the court rather than by statute; (2) in the absence of an applicable statute, the court failed to impose a sentence for third decree murder, the most severe lesser sentence; (3) the court's reliance on Section 1102.1 to craft his new sentence is ex post facto; (4) the court failed to consider the Miller factors when sentencing him; and (5) the court impermissibly imposed a "life tail." In addition, Petitioner argues that his sentence for criminal mischief violates the prohibition against double jeopardy. All of these claims were

2

---

addressed by Judge Caracappa in the R&R.

Petitioner raises several objections to R&R. The court reviews de novo those portions of the R&R to which the objections are made. 28 U.S.C. §636(b)(1)(C). However, courts have found that objections that merely rehash arguments made in the petition and that are properly addressed by the magistrate judge are not entitled to de novo review. See, e.g., Watson v. DelBalso, No. CV 17-3191, 2020 WL 4015249, at *1 (E.D. Pa. July 16, 2020); Thomaston v. Dist. Attorney of Philadelphia, No. CV 10-957, 2012 WL 252784, at *1 n.1 (E.D. Pa. Jan. 25, 2012); Morgan v. Astrue, No. 08-2133, 2009 WL 3541001, at *3 (E.D. Pa. Oct. 30, 2009). Moreover, "[a]lthough [the] review is de novo, [a district judge] [is] permitted, by statute, to rely upon the magistrate judge's proposed findings and recommendations to the extent [the judge], in the exercise of sound discretion, deem[s] proper." Sileo v. Rozum, No. CV 12-3803, 2015 WL 7444820, at *11 (E.D. Pa. Nov. 24, 2015) (quoting Owens v. Beard, 829 F. Supp. 736, 738 (M.D. Pa. 1993)), aff'd sub nom. Sileo v. Superintendent Somerset SCI, 702 F. App'x 95 (3d Cir. 2017).

The majority of Petitioner's objections are simply restatements of arguments he made in his petition (including the five arguments listed above) rather than specific objections to the R&R. The Court, after reviewing the issues de novo, agrees with, relies on, and adopts Judge Caracappa's reasoning and will not address these objections further.

The one line of objections that does not rehash the arguments raised in the petition and which were addressed by the magistrate judge relate to Petitioner's claim that Judge Caracappa did not read his traverse or consider the facts and arguments made therein. It is the objections related to this claim that the Court will now consider.

In arguing that Judge Caracappa did not read his traverse, Petitioner contends that she misconstrued his arguments regarding due process, equal protection, and cruel and unusual punishment in connection with his sentencing. In the R&R, Judge Caracappa viewed Petitioner's due process and equal protection claims as essentially alleging that a "life tail" at resentencing is an unconstitutional de facto life sentence. See ECF No. 14 pp. 16-18.

In his objections however, Petitioner claims that he alleged in his traverse that he was denied due process because he

3

was not sentenced pursuant to a valid statute. He claims that he was denied equal protection because he is subject to an unconstitutional sentence, not authorized by statute, while all other post-<u>Miller</u> juveniles and all adult offenders have been sentenced under valid statutes. Finally, Petitioner claims that his sentence amounts to cruel and unusual punishment because he is still subject to an unconstitutional mandatory life sentence.

        The magistrate judge in her reasoning in support of the R&R addresses all of these objections. First, Judge Caracappa explained in detail why the method the Pennsylvania Supreme Court developed to resentence juveniles who were convicted of first degree murder before <u>Miller</u> is not contrary to clearly established federal law (and, thus, habeas relief is not warranted). ECF No. 14 pp. 9-13; <u>see</u> <u>Williams v. Taylor</u>, 529 U.S. 362, 404 (2000) (providing that a court must first determine whether the state court decision was "contrary to" "clearly established" federal law). This discussion equally explains why Petitioner's due process and equal protection arguments as formulated in his objections and traverse fail. Pennsylvania's court-created resentencing rubric is not contrary to clearly established federal law and, therefore, does not violate due process or the equal protection clause. Indeed, it provides equal protection because it treats juveniles convicted of murder pre- and post-<u>Miller</u> the same. Second, Judge Caracappa explained that Petitioner was not subject to a mandatory life sentence since he would be eligible for parole after thirty-five years. ECF No. 14 p. 18. Therefore, Petitioner's cruel and unusual punishment argument fails as well.

        Petitioner also objects to Judge Caracappa's recommendation regarding his double jeopardy claim. Petitioner alleges that, had Judge Caracappa reviewed the transcript pages of his juvenile arraignment hearing that he cited in his traverse, she would not have rejected his arguments.

        The crux of Petitioner's claim is that the one to two year sentence for criminal mischief violates the prohibition on double jeopardy because the charge was adjudicated in juvenile court and also, after his victim died, when he was tried as an adult in criminal court. Judge Caracappa addressed this claim in the R&R, concluding that it was meritless because the adjudication was never completed in juvenile court. <u>Id.</u> at 18-19. In his traverse, Petitioner claims that pages A46 and A49 of the record (ECF No. 8-3 pp. 46 & 49), which are part of the transcript of his juvenile arraignment hearing, show that the juvenile court judge

4. A certificate of appealability **SHALL NOT** issue, in that Petitioner has not made a substantial showing of the denial of a constitutional right nor demonstrated that reasonable jurists would debate the correctness of the procedural aspects of this ruling. See 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484 (2000); and

5. The Clerk of the Court shall mark this case **CLOSED** for statistical purposes.

**AND IT IS SO ORDERED.**

/s/ Eduardo C. Robreno
**EDUARDO C. ROBRENO,    J.**

---

actually adjudicated Petitioner's delinquency.

However, the very page cited by Petitioner provides that while Petitioner admitted guilt, the judge specifically held that the "[d]isposition of this matter is deferred." ECF No. 8-3 p. 49). Judge Caracappa is correct, Petitioner was merely arraigned in juvenile court, and thus, only convicted of criminal mischief once in criminal court.

The Court has carefully reviewed all of the briefings, including the traverse, as well as all of the related evidence, and agrees with Judge Caracappa's conclusions. It also finds no evidence that Judge Caracappa failed to consider Petitioner's traverse. Therefore, the Court concludes that Petitioner's objections to the R&R are meritless.